# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DANA J. BRADLEY, MARLIN S. HERSHEY, PERFORMANCE RETIRE ON RENTALS, LLC, DISTRESSED LENDING FUND, LLC, BRYANT BOYS, LLC, D. BRADLEY, INC., ERNDIT LLC, HERSHEY ENTERPRISES, INC., MW ENTERPRISES, LLC, and PERFORMANCE HOLDINGS, INC.,**<br><br>**Defendants.** | **Civil Action File No.** |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Securities and Exchange Commission (the "SEC" or "Commission"), files this Complaint for injunctive and other relief and alleges as follows:

## OVERVIEW

1.      This matter involves an offering fraud by Defendants Dana J. Bradley ("Bradley") and Marlin S. Hershey "("Hershey") through two entities owned and

1

controlled by them, Defendants Performance Retire on Rentals, LLC ("Performance Retire") and Distressed Lending Fund, LLC ("DLF").

2. As set forth in greater detail below, beginning in 2009 and continuing through at least December 2017, Bradley, Hershey, Performance Retire and DLF raised over $5 million by telling investors that their money would be used to acquire and rehabilitate residences. In truth, however, Defendants used significant amounts of investor funds to: (1) pay commissions to Bradley and Hershey and their entities, (2) pay principal and interest owed other investors, and (3) pay debts purportedly owed to another company that Hershey owned.

3. Further, as of at least the summer or fall of 2013, Bradley, Hershey and Performance Retire knew that the third-party entity, who was to use the funds for the acquisition and rehabilitation projects, had defaulted on its agreement with Performance Retire and was no longer accepting funds for investment. Nevertheless, they raised hundreds of thousands of dollars from multiple investors without disclosing this information, and proceeded to use the new investor funds to pay back earlier investors.

4. Additionally, Bradley and Hershey received millions in commissions from these and other offerings through companies owned and controlled by them – Defendants Bryant Boys, LLC ("Bryant Boys"), D. Bradley, Inc. ("Bradley Inc."), Erndit LLC ("Erndit"), Performance Holdings, Inc. ("Performance Holdings"), MW

2

Enterprises, LLC ("MW Enterprises"), and Hershey Enterprises, Inc. ("Hershey Enterprises") – including commissions for soliciting and raising investor funds for separate securities offerings of a Florida real estate developer. Yet, Bradley, Hershey and these companies were never registered as brokers with the Commission nor associated with a Commission-registered broker-dealer.

5. As a result of the foregoing, Defendants have violated the anti-fraud and broker-dealer registration requirements of the federal securities laws.

## **VIOLATIONS**

6. Defendant Bradley has engaged in and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78(o)(a)(1)].

7. Defendant Hershey has engaged in and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78(o)(a)(1)].

3

8.     Defendant Performance Retire has engaged in and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

9.     Defendant DLF has engaged in and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

10.     Defendants Bryant Boys, Bradley Inc., Erndit, Hershey Enterprises, MW Enterprises and Performance Holdings have engaged in and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that aid and abet Bradley's and Hershey's violations of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78(o)(a)(1)].

## DEFENDANTS

11.     Defendant **Dana J. Bradley**, 49 years old, resides in Cornelius, North Carolina.  Bradley, along with Defendant Hershey, owned and controlled Defendants Performance Retire, DLF, and Bryant Boys.  Bradley further owned and controlled Defendants Bradley Inc. and Erndit.  Bradley was neither registered

4

as a broker with the Commission nor associated with a Commission-registered broker-dealer for any time period relevant to this Complaint.

12.     Defendant **Marlin S. Hershey**, 50 years old, resides in Cornelius, North Carolina.  Hershey, along with Defendant Bradley, owned and controlled Defendants Performance Retire, DLF, and Bryant Boys.  Hershey further owned and controlled Defendants Hershey Enterprises, MW Enterprises and Performance Holdings.  Hershey was neither registered as a broker with the Commission nor associated with a Commission-registered broker-dealer for any time period relevant to this Complaint.

13.     Defendant **Performance Retire on Rentals, LLC** ("Performance Retire") is a North Carolina limited liability company with its principal place of business in Huntersville, North Carolina.  Performance Retire is owned and controlled by Bradley and Hershey and purports to be a real estate investment firm. Performance Retire and its securities were not registered with the Commission, and it was neither registered as a broker with the Commission nor associated with a Commission-registered broker-dealer for any time period relevant to this Complaint.

14.     Defendant **Distressed Lending Fund, LLC** ("DLF") is a North Carolina limited liability company with its principal place of business in Huntersville, North Carolina.  DLF is owned and controlled by Bradley and

5

Hershey and purports to be a real estate investment firm. DLF and its securities were not registered with the Commission, and it was neither registered as a broker with the Commission nor associated with a Commission-registered broker-dealer for any time period relevant to this Complaint.

15. Defendant **Bryant Boys, LLC** ("Bryant Boys") is a Florida limited liability company owned and controlled by Bradley and Hershey. Bradley and Hershey used Bryant Boys to receive their commission payments. Bryant Boys was neither registered as a broker with the Commission nor associated with a Commission-registered broker-dealer for any time period relevant to this Complaint.

16. Defendant **D. Bradley Inc.** ("Bradley Inc.") was a Florida corporation that was administratively dissolved on September 23, 2016. Bradley owned and controlled Bradley Inc. and used it to receive his commission payments. Bradley Inc. was neither registered as a broker with the Commission nor associated with a Commission-registered broker-dealer for any time period relevant to this Complaint.

17. Defendant **Erndit LLC** ("Erndit") is a Wyoming limited liability company with its principal place of business in Cheyenne, Wyoming. Bradley owned and controlled Erndit and used it to receive his commission payments. Erndit was neither registered as a broker with the Commission nor associated with

6

a Commission-registered broker-dealer for any time period relevant to this Complaint.

18. Defendant **Hershey Enterprises, Inc.** ("Hershey Enterprises") is a Florida limited liability company with its principal place of business in Cornelius, North Carolina. Defendant Hershey owned and controlled Hershey Enterprises and used it to receive his commission payments. Hershey Enterprises was neither registered as a broker with the Commission nor associated with a Commission-registered broker-dealer for any time period relevant to this Complaint.

19. Defendant **MW Enterprises, LLC** ("MW Enterprises") is a Wyoming limited liability company with its principal place of business in Cheyenne, Wyoming. Defendant Hershey owned and controlled MW Enterprises and used it to receive his commission payments. MW Enterprises was neither registered as a broker with the Commission nor associated with a Commission-registered broker-dealer for any time period relevant to this Complaint.

20. Defendant **Performance Holdings, Inc.** ("Performance Holdings") is a Florida corporation with its principal place of business in Huntersville, North Carolina. Defendant Hershey owned and controlled Performance Holdings and used it to receive commission payments. Performance Holdings was neither registered as a broker with the Commission nor associated with a Commission-registered broker-dealer for any time period relevant to this Complaint.

7

## JURISDICTION AND VENUE

21.     The Commission brings this action pursuant to Sections 20 and 22 of the Securities Act [15 U.S.C. §§ 77t and 77b] and Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)] to enjoin Defendants from engaging in the transactions, acts, practices, and courses of business alleged in this Complaint, and transactions, acts, practices, and courses of business of similar purport and object, for civil penalties, and for other equitable relief.

22.     This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v] and Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa].

23.     Defendants, directly and indirectly, made use of the mails and the means and instrumentalities of interstate commerce in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

24.     Venue is proper in this Court because, *inter alia*, certain of the transactions, acts, practices, and courses of business constituting violations of the Securities Act and the Exchange Act occurred in this District, Defendants Bradley and Hershey reside in this District, and Defendants DLF, Hershey Enterprises, and Performance Holdings have their principal place of business in this District.

8

## THE PERFORMANCE RETIRE OFFERING

25.     Beginning in 2009 and 2010 and continuing through at least December 2017, Bradley, Hershey and Performance Retire raised approximately $3.4 million from approximately 47 investors in 11 different states in two separate, unregistered offerings (the "Performance Retire Offering").

26.     The Performance Retire offering materials and its agreement with its investors stated that the investments were "securit[ies] [] sold without registration under the Securities Act of 1933[.] . . ."

27.     The Performance Retire offering materials stated that investor money would be used to make loans to a third-party entity, Bluestone Investments, LLC a/k/a/ Retire on Rentals ("Bluestone Investments"), who would use such funds to acquire, rehabilitate and rent single family residences in the Charlotte, N.C. area.

28.     The agreement between Performance Retire and its investors stated, in the section entitled "Use of Proceeds", that "[t]he proceeds of the Loan shall be used to make a loan to Bluestone Investments, LLC for its operation of a company that acquires and rehabilitates single family real estate."

29.     As also set forth in the agreement between Performance Retire and its investors, Performance Retire "has not, nor have any of its officers, directors, employees or members employed any broker or finder in connection with the transactions contemplated by this Agreement."

30. The Performance Retire investors were issued promissory notes from Performance Retire, entitling them to be paid 12% per annum, with maturity 18 months after issuance.

31. Contrary to those statements and unbeknownst to investors, however, Bradley, Hershey and Performance Retire wrongfully used the investor funds to pay back earlier investors. For example, on or about August 1, 2016, upon deposit of an investor's $150,000 investment into Performance Retire's bank account – which only contained $44,781.82 at the time – Hershey wrote three $50,000 checks from the same Performance Retire bank account to pay back an earlier investor.

32. Further, despite none of them being registered with the Commission as a broker or associated with a Commission-registered broker-dealer, from April 2009 to January 2014, Bradley and Hershey – through Defendants Bryant Boys, Bradley Inc., Erndit, MW Enterprises, Hershey Enterprises and Performance Holdings – received approximately $762,000 in commissions from the Performance Retire Offering, with $84,000 of those commissions received between December 2013 and February 2017.

33. Additionally, by the summer or fall of 2013, Bradley, Hershey and Performance Retire had become aware that Bluestone Investments was in default of its agreement with Performance Retire, and that it would not be taking new loans from Performance Retire to purchase further properties.

34.     Notwithstanding the foregoing, Performance Retire thereafter raised

hundreds of thousands of dollars from multiple investors without disclosing this

information to investors, and proceeded to use much of those new investor funds to

make payments to earlier investors.

## THE DLF OFFERING

35.     From 2013 to June 2015, Bradley, Hershey and DLF raised

approximately $2.45 million from approximately 33 investors in 11 different states

(the "DLF Offering").

36.     The DLF offering materials stated that DLF would lend funds to third

parties to acquire, renovate and rent homes in various U.S. markets, including the

Charlotte, N.C. area.

37.     DLF further stated in its offering materials that "[s]ale of the

securities of the Company by Officers, Members, or the Manager of the Company

or by employees of the Company shall be made **without fee or commission**

related to the amount invested." (emphasis added).

38.     The DLF offering materials and its agreement with investors stated

that the investments were "securit[ies] [] sold without registration under the

Securities Act of 1933[.] . . . "

39.     The agreement between DLF and its investors stated, in the section

entitled "Use of Proceeds", that "[t]he proceeds of the Loan shall be used to make

11

loans to certain preferred Operators (as defined in the Offering) for the acquisition, rehabilitation and leasing of single family real estate as more fully set forth in the Offering."

40.     As also set forth in the agreement between DLF and its investors, DLF "has not, nor have any of its officers, directors, employees or members employed any broker or finder in connection with the transactions contemplated by this Agreement."

41.     The DLF investors were issued promissory notes from DLF that promised to pay them 12% per annum, with maturity 18 months after issuance.

42.     Contrary to those statements and unbeknownst to investors, Bradley and Hershey directed DLF to use investor funds to pay back a debt of $62,125 that DLF supposedly owed to MW Enterprises, an entity owned and controlled by Hershey.

43.     Despite none of them being registered with the Commission as a broker or associated with a Commission-registered broker-dealer, Bradley and Hershey – through Defendants Bryant Boys, Erndit, and MW Enterprises – received approximately $250,000 in commissions from the DLF Offering, with $100,000 received between January 2014 and June 2015.

12

## BRADLEY AND HERSHEY OBTAIN FURTHER
## COMMISSIONS FROM OTHER OFFERINGS

44.     Between 2013 and 2016, Bradley and Hershey also oversaw and were involved in securities offerings by two other entities, Mary A II, LLC ("Mary A") and Southeast Lot Acquisitions, LLC ("Southeast Lot"), which were owned and/or controlled by a Florida real estate developer.

45.     Specifically, in 2013 and 2016, Bradley and Hershey oversaw and solicited investors for two offerings for Mary A, an entity that claimed it would use investor funds to invest in real estate that would generate land mitigation credits for real estate developers.

46.     The 2013 Mary A offering raised approximately $6.9 million from 82 investors in 16 states in two separate series of notes, with the Series A Capital Notes paying 10% per annum and maturing in 24 months, and the Series B Capital Notes paying 6% per annum and maturing in 24 months.

47.     The 2016 Mary A offering raised approximately $1.8 million from 22 investors in 10 states – some or all of whom were solicited by Bradley and Hershey – with the Series A Capital Notes paying 10% per annum and maturing at 24 months.

48.     Bradley and Hershey oversaw significant aspects of the Mary A offerings, including inquiring as to the real estate developer's funding needs,

13

helping draft the private placement memoranda, and soliciting and raising funds from investors.

49.    Bradley, Hershey and Bryant Boys were not registered as brokers with the Commission nor associated with a Commission-registered broker-dealer at any time relevant to the Complaint.

50.    Notwithstanding the foregoing, in connection with the 2013 and 2016 Mary A offerings, Bradley and Hershey received approximately $1.2 million in commissions for the Mary A Offering – which commissions were paid to Defendant Bryant Boys – of which approximately $740,000 was received between March 2014 and March 2017.

51.    With respect to the Southeast Lot offering conducted in 2014, Bradley and Hershey oversaw the offering materials, which stated that it was a real estate firm formed to "acquire distressed developed or semi developed home lot assets from the Real Estate Owned (REO) divisions of financial institutions" in the Southeast United States, and then develop and sell the homes at a profit.

52.    The Southeast Lot Offering raised approximately $5.7 million from 52 investors – some or all of whom were solicited by Bradley and Hershey – through the sale of capital notes that paid out 12% per annum and maturing in 30 months.

53.    Bradley and Hershey oversaw significant aspects of the Southeast Lot offerings, including inquiring as to the Florida real estate developer's funding

14

needs, helping draft the private placement memoranda, and soliciting and raising funds from investors.

54.    Bradley, Hershey and Bryant Boys were not registered brokers with the Commission nor associated with a Commission-registered broker-dealer at any time relevant to the Complaint.

55.    Notwithstanding the foregoing, Bradley and Hershey – through their entity Bryant Boys – received at least approximately $500,000 in commissions between September 2014 and February 2016 for the Southeast Lot Offering.

56.    In February and June 2019, Bradley and Hersey, on behalf of themselves individually and the other Defendants named herein, executed tolling agreements with the Commission which provided, in relevant part, that the statute of limitations would be tolled from December 17, 2018 through September 30, 2019.

## COUNT I
## FRAUD

**Violations of Section 17(a)(1) of the Securities Act**
**[15 U.S.C. § 77q(a)(1)]**

**(Against Defendants Bradley, Hershey, Performance Retire and DLF)**

57.    Paragraphs 1 through 56 are hereby realleged and incorporated herein by reference.

58.     Between 2009 and continuing through at least December 2017, Defendants Bradley, Hershey, Performance Retire and DLF, in the offer and sale of the securities described herein, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly, employed devices, schemes and artifices to defraud purchasers of such securities; all as more particularly described above.

59.     Defendants Bradley, Hershey, Performance Retire and DLF knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud.

60.     While engaging in the course of conduct described above, Defendants Bradley, Hershey, Performance Retire and DLF acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

61.     By reason of the foregoing, Defendants Bradley, Hershey, Performance Retire and DLF, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

# COUNT II
# FRAUD

## Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act
## [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)]

## (Against Defendants Bradley, Hershey, Performance Retire and DLF)

62.     Paragraphs 1 through 56 are hereby realleged and incorporated herein by reference.

63.     Between 2009 and continuing through at least December 2017, Defendants Bradley, Hershey, Performance Retire and DLF, in the offer and sale of the securities described herein, by use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly:

   a.  obtained money and property by means of untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

   b.  engaged in transactions, practices and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities; all as more particularly described above.

64. By reason of the foregoing, Defendants Bradley, Hershey, Performance Retire and DLF, directly and indirectly, have violated and, unless enjoined, will continue to violate Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)].

## COUNT III
## FRAUD

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]

### (Against Defendants Bradley, Hershey, Performance Retire and DLF)

65. Paragraphs 1 through 56 are hereby realleged and incorporated herein by reference.

66. Between 2009 and continuing through at least December 2017, Defendants Bradley, Hershey, Performance Retire and DLF, in connection with the purchase and sale of the securities described herein, by use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly:

    a. employed devices, schemes, and artifices to defraud;

    b. made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

c. engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities; all as more particularly described above.

67. Defendants Bradley, Hershey, Performance Retire and DLF intentionally and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud, made untrue statements of material facts and omitted to state material facts, and engaged in fraudulent acts, practices and courses of business. In engaging in such conduct, Defendants Bradley, Hershey, Performance Retire and DLF acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

68. By reason of the foregoing, Defendants Bradley, Hershey, Performance Retire and DLF, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Sections (a), (b), and (c) of Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5(a), (b), and (c)].

# COUNT IV

## UNREGISTERED BROKER-DEALER

### Violation of Section 15(a) of the Exchange Act

### (Against Defendants Bradley and Hershey)

67.     Paragraphs 1 through 56 are hereby realleged and incorporated herein by reference.

68.     As alleged above, Defendants Bradley and Hershey, without being registered as brokers, actively solicited investors for Performance Retire, DLF and the Mary A and Southeast Lot Offerings, and received transaction-based compensation for their services, in the form of payments or "commissions" based on the amounts raised from investors for those offerings.

69.     By engaging in the conduct above, Defendants Bradley and Hershey, and each of them:

        a.     engaged in the business of effecting transactions in securities for the account of others; and

        b.     directly or indirectly, made use of the mails or the means or instrumentalities of interstate commerce to effect transactions in, or to induce or to attempt to induce the purchase or sale of, securities without being registered as a broker or dealer with the SEC or associated with a broker-dealer registered with

20

the SEC, and therefore violated Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78(o)(a)(1)].

70.    By engaging in the conduct described above, Defendants Bradley and Hershey have violated, and unless restrained and enjoined will continue to violate Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

## COUNT V

## AIDING AND ABETTING UNREGISTERED BROKER-DEALER

### Violation of Section 15(a)(1) of the Exchange Act

### (Against Defendants Bryant Boys, Bradley Inc., Erndit, Hershey Enterprises, MW Enterprises, and Performance Holdings)

71.    Paragraphs 1 through 56 are hereby realleged and incorporated herein by reference.

72.    By engaging in the conduct above, Defendants Bradley and Hershey, and each of them:

a.    engaged in the business of effecting transactions in securities for the account of others; and

b.    directly or indirectly, made use of the mails or the means or instrumentalities of interstate commerce to effect transactions in, or to induce or to attempt to induce the purchase or sale of, securities without being registered as a broker or dealer with the SEC or associated with a broker-dealer registered with

21

the SEC, and therefore violated Section 15(a)(1) of the Exchange Act [ 15 U.S.C. § 78(o)(a)(1)]; and Defendants Bryant Boys, Bradley Inc., Erndit, Hershey Enterprises, MW Enterprises, and Performance Holdings knowingly or recklessly provided substantial assistance to Defendants Bradley and Hershey in the achievement of said violations.

73.     Pursuant to Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)], any person that knowingly or recklessly provides substantial assistance to another person in violation of a provision of the Exchange Act, or of any rule or regulation issued under the Exchange Act, shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided.

74.     By reason of the foregoing, Defendants Bryant Boys, Bradley Inc., Erndit, Hershey Enterprises, MW Enterprises, and Performance Holdings are liable for violations of Section 15(a)(1) of the Exchange Act to the same extent as each of Bradley and Hersey is liable, and unless enjoined, will continue to violate Section 15(a)(1) o the Exchange Act.

# **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully prays for:

## **I.**

Findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, finding that Defendants committed the violations alleged.

## **II.**

An order permanently restraining and enjoining Defendants, their officers, agents, servants, employees, and attorneys from the violations alleged herein.

## **III.**

An order requiring Defendants to disgorge ill-gotten gains or unjust enrichment derived from the activities set forth in this Complaint, together with prejudgment interest thereon.

## **IV.**

An order requiring Defendants to pay a civil penalty pursuant to Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

## **V.**

An order requiring Defendants to provide an accounting.

23

## VI.

Granting such other and further relief as this Court may deem just, equitable, and appropriate in connection with the enforcement of the federal securities laws and for the protection of investors.

## JURY TRIAL DEMAND

The Commission hereby demands a trial by jury as to all issues that may be so tried.

This 30th day of September, 2019.

Respectfully submitted,

/s/ *Paul Kim*
M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
loomism@sec.gov

Paul Kim
Senior Trial Counsel
Georgia Bar No. 418841
kimpau@sec.gov

Mark E. Harrison
Senior Counsel
Massachusetts Bar No. 640487
harrisonm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
950 East Paces Ferry Road, NE, Suite 900
Atlanta, GA 30326
Tel: (404) 842-7600
Facsimile: (404) 842-7679

24