UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00490-FDW-DSC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>DANA J. BRADLEY, MARLIN S. HERSHEY, PERFORMANCE RETIRE ON RENTALS, LLC, DISTRESSED LENDING FUND, LLC, BRYANT BOYS, LLC, D. BRADLEY, INC., ERNDIT, LLC, HERSHEY ENTERPRISES, INC., MW ENTERPRISES, LLC, and PERFORMANCE HOLDINGS, INC.,<br><br>    Defendants. | ORDER |

THIS MATTER is before the Court on the parties' Joint Motion to Enter Consent Judgment and Status Report (Doc. No. 47). The Securities and Exchange Commission having filed a Complaint and Defendants Dana J. Bradley ("Bradley"), Marlin S. Hershey ("Hershey"), Performance Retire on Rentals, LLC ("Performance Retire"), Bryant Boys, LLC ("Bryant Broys"), D. Bradley, Inc. ("Bradley, Inc."), Erndit, LLC ("Erndit"), Hershey Enterprises, Inc. ("Hershey Enterprises"), MW Enterprises, LLC ("MW Enterprises"), Distressed Lending Fund, LLC ("Distressed Lending"), and Performance Holdings, Inc. ("Performance Holdings") (collectively, "Defendants") having entered a general appearance; consented to the Court's

1

jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph X); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Bradley, Hershey, Performance Retire, and Distressed Lending are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

2

Case 3:19-cv-00490-FDW-DSC   Document 49   Filed 09/25/20   Page 2 of 11

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Bradley, Hershey, Performance Retire, and Distressed Lending are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Bradley, Hershey, Bryant Boys, Bradley, Inc. Erndit, Hershey Enterprises, MW Enterprises, and Performance Holdings are permanently restrained and enjoined from

3

violating and Section 15(a) of the Exchange Act [15 U.S.C. § 78(o)(a)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section l5(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Bradley is liable for disgorgement of $17,492.50, representing profits gained as a result of the alleged conduct relating to the Performance Retire and DLF Offerings (see, e.g., paragraphs 25-43 in the complaint) that resulted in the violations alleged in Counts I, II and III in the complaint together with prejudgment interest thereon in the amount of $2,357.04, for a total of $19,849.54; and a civil penalty in the amount of $192,768 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Bradley shall satisfy this obligation by paying $212,617.54 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VI after entry of this Judgment.

Defendant Bradley may transmit payment electronically to the Commission, which

4

will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Bradley may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch 6500
>   South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's names as defendants in this action; and specifying that payment is made pursuant to this Judgment.

Defendant Bradley shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Bradley Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Bradley Fund will not be distributed, the Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C.

5

Case 3:19-cv-00490-FDW-DSC   Document 49   Filed 09/25/20   Page 5 of 11

§ 1961.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hershey is liable for disgorgement of $17,507.50, representing profits gained as a result of the alleged conduct relating to the Performance Retire and DLF Offerings (see, e.g., paragraphs 25-43 in the complaint) that resulted in the violations alleged in Counts I, II and III and the in the complaint, together with prejudgment interest thereon in the amount of $2,361.76, for a total of $19,869.26; and a civil penalty in the amount of $192,768 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Hershey shall satisfy this obligation by paying $212,637.26 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VII after entry of this Judgment.

Defendant Hershey may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or
mailed to

> Enterprise Services Center
> Accounts Receivable Branch 6500
> South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's names as defendants in this action; and specifying that payment is

made pursuant to this Judgment.

Defendant Hershey shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Hershey Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Hershey Fund. If the Commission staff determines that the Hershey Fund will not be distributed, the Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Judgment. Defendant Hershey shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Bradley shall pay the total of disgorgement, prejudgment interest due and civil penalty of $212,617.54 in two installments to the Commission according to the following schedule: (1) $21,261.75 within 30 days of entry of this Judgment; and (2) the balance of $191,355.79 within one year of the entry of this Judgment. Post-judgment interest on each of these two installments does not begin to accrue unless and until Defendant has failed to timely pay a given installment (i.e., post-judgment interest on the first installment does not begin to accrue until 30 days from entry of this

7

Judgment, and post-judgment interest on the second installment does not begin to accrue until one year from entry of this Judgment).

If any payment date specified above should fall on a Saturday, Sunday, or Federal holiday, the deadline for payment shall be extended to the next business day immediately thereafter. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Judgment. Prior to making the final payment set forth herein, Defendant Bradley shall contact the staff of the Commission for the total amount due for the final payment. If Defendant Bradley fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hershey shall pay the total of disgorgement, prejudgment interest due and civil penalty of $212,637.26 in two installments to the Commission according to the following schedule: (1) $21,263.73 within 30 days of entry of this Judgment; and (2) the balance of $191,373.53 within one year of the entry of this Judgment. Post-judgment interest on each of these two installments does not begin to accrue unless and until Defendant has failed to timely pay a given installment (i.e., post-judgment interest on the first installment does not begin to accrue until 30 days from entry of this Judgment, and post-judgment interest on the second installment does not begin to accrue until one year from entry of this Judgment).

8

If any payment date specified above should fall on a Saturday, Sunday, or Federal holiday, the deadline for payment shall be extended to the next business day immediately thereafter. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Judgment. Prior to making the final payment set forth herein, Defendant Hershey shall contact the staff of the Commission for the total amount due for the final payment. If Defendant Hershey fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**VIII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of additional ill-gotten gains, if any, and prejudgment interest thereon based on the alleged conduct relating to Mary A II, LLC and Southeast Lot Acquisitions, LLC, (*see, e.g.*, paragraphs 44 - 56 of the complaint), which resulted in the violations alleged in Counts IV and V therein.

The Court shall determine the amounts of the disgorgement and prejudgment interest for which each Defendant is liable upon motion of the Commission. Prejudgment interest shall be calculated from January 1, 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and prejudgment interest, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they

9

did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and prejudgment interest, the parties may take discovery, including discovery from appropriate non-parties.

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants Bradley and Hershey, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Signed: September 24, 2020

Frank D. Whitney
United States District Judge